MANUEL DE TORRES, Plaintiff and Appellee, *v.* JUAN RAMÓN DE TORRES, Defendant and Appellant, and JUANA VANDER LINDEN, Defendant.

No. 8816. Argued January 10, 1944.—Decided April 20, 1944.

*Gabriel de la Haba* and *Damián Monserrat, Jr.,* for appellant. *Manuel de Torres, in pro. per.,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

In 1913 the plaintiff herein acquired through a legacy which he received from his grandfather an undivided inter-

est consisting of two-elevenths of house No. 19 on General Contreras Street, of this city. The plaintiff's father, Dr. Ramón A. De Torres, had an undivided interest of nine-elevenths of the same house, of which five-elevenths belonged to his separate estate and the remaining four-elevenths was community property for the reason that he acquired it while he was married to defendant Juana Vander Linden. By that time, the plaintiff was already living in New York, and, as he was a minor, his father managed and enjoyed the rents derived from the whole house; but when he became of age in 1916, he executed a power of attorney in favor of his father, which authorized the latter to manage the undivided interest, amounting to two-elevenths, which the plaintiff had in the house in question. By virtue of this power, Dr. Ramón A. De Torres managed the said undivided interest belonging to the plaintiff until his death, which occurred on October 16, 1921. At that time, defendant Juan Ramón de Torres, who was living in Puerto Rico, became the administrator of the estate, and likewise engaged in managing the undivided interest belonging to his brother, the plaintiff, in house No. 19 on General Contreras Street. He continued acting as administrator by virtue of the general power of attorney which the plaintiff executed in his favor at New York on December 14, 1921, authorizing him to manage all his property, to represent him in the probate of his father's will and to execute acts of ownership, among them to sell, buy and mortgage real property belonging to the plaintiff. By virtue of said power defendant, Juan R. de Torres, in his own right and as attorney for the plaintiff, together with his mother, defendant Juana Vander Linden, and his sister Juana Josefa Hortensia de Torres, sold house No. 10 on Fernández Avenue at Miramar, which they all had inherited from Dr. De Torres, and in which defendant Juana Vander Linden had her share of the community property.

With the money derived from the sale of the above-mentioned house, which had cost five thousand dollars and was sold for eight thousand dollars, they purchased a lot on Atlantic Avenue, Santurce, on which lot they erected three houses marked Nos. 2, 4, and 6. The cost of the lot and the three houses amounted to $17,017.83, and in order to complete said sum it was necessary to borrow certain amounts, which were partly paid with the rents derived from the houses. The lot and the three houses above-mentioned were recorded in the name of Doña Juana Vander Linden, but it was agreed that said property belonged to the heirs of Dr. De Torres in the same proportion as the capital investment which each of them had made in said property. Upon his return to Puerto Rico, towards the end of 1938, the plaintiff required his brother, Juan R. de Torres, to submit to him the accounts of his administration, and since they were unable to reach a satisfactory agreement, the plaintiff filed this action in the lower court against his brother and his mother for a statement of account, inspection of books, and collection of money. After the cause was tried, the court, with the approval of the parties, appointed an expert accountant as referee, and ordered him to study the issues of fact relating to the income and disbursements made during the administration of Dr. De Torres first, and of Juan R. de Torres, afterwards, and to determine the balance, if any, in favor of any of the parties. The referee submitted his report, which was slightly corrected by the court, and it appears from the record that both parties admitted his calculations to be exact. Thus corrected, the report of the referee was used by the lower court as a basis for entering judgment, dismissing the complaint with respect to defendant Juana Vander Linden and granting it with respect to defendant Juan R. de Torres, who was ordered to pay to the plaintiff $3,683.21 plus legal interest thereon from May 29, 1941, at which date judgment was entered. Defendant

Juan R. de Torres was likewise ordered to pay the plaintiff's costs, and the latter to pay defendant Juana Vander Linden's costs.

The referee divided his report in two parts; in the first part he made a study of the rent for house No. 19 on General Contreras Street during the administration of Dr. Ramón A. De Torres, that is to say, from the time the plaintiff became of age in 1916 until the death of Dr. de Torres in 1921. The second part of the report includes everything from the time of Dr. De Torres' death.

As a result of the study of the first period to which the report refers, Dr. De Torres owed to his son, the plaintiff, $377.26 as rent derived from his undivided interest in house No. 19 on General Contreras St. In accordance with the referee's report, the net value of the lot with the three houses erected on Atlantic Avenue amounts to $10,568.62, which remained after deducting the liens which encumbered said property and other debts which were contracted in putting up the buildings.

Defendant contends that the lower court erred in ordering him to pay to the plaintiff the amount set forth in the judgment, and argues that the proper thing to do is to recognize the undivided interest which the plaintiff has in the lot and the three houses located on Atlantic Avenue. It is desirable to note that house No. 19 on General Contreras Street is not in controversy herein.

In our opinion, appellant's contention is correct, because what defendant did was to sell, acting as attorney for the plaintiff, the latter's interest, together with his own and that of the other heirs, in house No. 10 on Fernández Avenue, one half of which belonged to the mother as community property and the other half to the sons and the mother in usufruct. The rents of the new houses and of house No. 19 on General Contreras Street were also used to amortize the debts

contracted on account of the real property located on Atlantic Avenue, and, therefore, what defendant really did was to invest a part of the capital and rents belonging to his principal in the real property on Atlantic Avenue, which he was authorized to do by his principal. As was found by the lower court, the plaintiff was benefited by the transaction which the defendant conducted in his name.

In view of the existence of the lot and the three houses on Atlantic Avenue, we fail to see how the defendant may be considered as the plaintiff's debtor, and therefore, the lower court erred in ordering the former to pay to the latter any amount whatsoever. The correct thing to do, as indicated by the appellant, is to recognize the undivided interest which corresponds to the plaintiff in the property located on Atlantic Avenue, and to recognize, of course, his freedom to continue or not as a co-owner.

 The defendant further objects to the fact that he was ordered to pay to the plaintiff $377.26, which amount he alleges never reached his hands. In reality, there is no evidence to show that the defendant appropriated to his own use that amount, but it is also true that Dr. De Torres owed that amount to his son, the plaintiff, and, therefore, upon Dr. De Torres' death, that item of $377.26, although it was not a debt owed by defendant to the plaintiff, must be considered as a charge upon the estate. Such being the case, said item may not be deducted from the plaintiff's assets. Rather it must be credited to his undivided interest in the lot and the three houses on Atlantic Avenue.

 Appellant also alleges that the lower court erred in not giving credit to defendant Juan R. de Torres in that part of his testimony where he asserted that an agreement existed between him and the plaintiff to donate the rents of their respective holdings in San Juan and Santurce to their mother and sister, already mentioned, as a contribution toward their support.

It is true that Juan R. de Torres testified with respect to that and said that he had a letter to prove it, but the letter was not submitted in evidence and the judge of the lower court gave no credit to that part of the testimony rendered by the defendant. If it were not for the presence of other circumstances which gave the lower court the right to reject defendant's testimony, we would have agreed with him in that the lower court could not arbitrarily disregard that part of his testimony. *Caballero* v. *González,* 53 P.R.R. 513; *Navarro* v. *Compañía Azucarera "El Ejemplo,"* 53 P.R.R. 692. But in the instant case, from the testimony given by the defendant himself, it appears that he continued to render the accounts of the rents produced by the properties to the plaintiff through his mother, and this may, to some extent, be interpreted as being incompatible with such an arrangement. In addition, it appears that those same rents were partly used to amortize the debt resulting from the acquisition of the houses on Atlantic Avenue, and not for the support of the mother and sister of the plaintiff. These are circumstances which may have influenced the mind of the judge of the lower court in not accepting that part of the testimony given by the defendant and, even though perhaps we would not have reached the same conclusion with respect to this point, we can not agree with the contention that the judge of the lower court acted arbitrarily in not giving credit to that evidence, and, therefore, we may not alter his conclusion.

With respect to the interest which the other heirs have in the property located on Atlantic Avenue, we are of the opinion that since all of them are of age we should leave them alone so that they may fix their respective interests among themselves.

In view of the foregoing, we must modify the judgment appealed from in the sense that defendant Juan R. de Torres owes nothing whatsoever to the plaintiff by reason of

the claim which is the object of this suit, but we must adjudge that the plaintiff is the owner of an undivided interest, amounting to $3,683.21, in the net value of $10,568.62 given to the lot and to houses Nos. 2, 4, and 6 on Atlantic Avenue, and that defendant Juan R. de Torres must pay the costs incurred in by the plaintiff and the latter in turn must pay those incurred in by the defendants, and we vacate that part of the judgment of the lower court relative to the payment of interest. As thus modified, the judgment will be affirmed.